Houck, J.
This is an error proceeding and comes into this court from the common pleas court *229 of Muskingum county. The parties here stand in the reverse order from that held in the court below.
The action in the lower court was one for personal injuries to plaintiff, claimed to have been caused by a defect in a certain street in the city of Zanesville, Ohio.
The suit was tried to a jury and a verdict returned in favor of the plaintiff in the sum of $2,300. Motion for a new trial was filed, overruled, and judgment entered on the verdict.
It is here sought to reverse the judgment below for three reasons:
1. That there was no defect in said street sufficient to render the city liable.
2., • That when defendant in error went upon said slippery bank and street, she did so at her own risk.
3. That the court should have directed a verdict for the city because plaintiff’s own testimony showed contributory negligence on her part.
We have read all the testimony in this case, as contained in the bill of exceptions, and we find that the first claim for a reversal of the judgment is not well taken, because the question as to the defect and the extent thereof was one of fact to be determined by the jury under proper instructions from the trial judge. We find from the evidence that the claim of plaintiff was supported by. at least some evidence on each and every material allegation contained in her petition that was necessary to be established in order, for her to recover.
As to the second alleged error. This involves a question of fact which was to be determined by the *230 jury under all of the evidence, and therefore the doctrine of assumed risk could not and did not apply.
Coming now to the third claim of error, that the plaintiff was guilty of contributory negligence. There was no allegation of contributory negligence in the answer of the defendant below, the plaintiff in error here, and the record fails to show that any request was made of the trial judge to charge the jury upon, the question of contributory negligence. Therefore, plaintiff in error having neglected and failed to request the trial judge to charge upon the question of contributory negligence, it follows that prejudicial error in this regard can not now be claimed, even though the evidence offered tended to prove such contributory negligence.
Negligence and contributory negligence are governed by the same rules. Neither is presumed. Although plaintiff’s evidence in the trial below might have created an inference of contributory negligence on her par-t, yet, contributory negligence not having been plead in the answer, and no request having been made of the trial judge to charge upon it, even though it may have been developed in the evidence, plaintiff in error can not now claim any prejudice thereby.
But passing these questions and going directly to the evidence in this case, we find the great weight of it in favor of the plaintiff below. The jury having passed upon all questions of fact, under proper instructions from the court, and having found in favor of the plaintiff, the judgment in this case should not be disturbed unless it clearly *231 appears that it is against the manifest weight of the evidence, and this we do not find.
We have examined all of the alleged errors as set out in the petition in error and find none of them well taken.
It therefore follows that the judgment of the common pleas court should be affirmed.
Judgment affirmed.
Shields and Patterson, JJ., concur.